HEANEY, Senior Circuit Judge,
concurring and dissenting:
I agree with the district court that Munday was constructively discharged from her employment at Waste Management. For over a year, Waste Management alienated Munday from her co-workers, creating intolerable working conditions that forced Munday to quit her job. I also agree that Munday has demonstrated retaliation in violation of 42 U.S.C. § 2000e-3(a) because the intolerable working conditions were orchestrated by Waste Management in response to Munday’s filing of a discrimination claim against the company. Therefore, I respectfully dissent from the majority’s opinion.*
With respect to the constructive discharge claim, the district court found that after Munday returned to work following the settlement agreement, Bohager set a plan into motion with the specific purpose of “gradually causing Munday herself to reach the conclusion that she could not continue her employment [with Waste Management].” Munday, 858 F.Supp. at 1372. Bohager instructed his drivers to have as little contact with Munday as possible both on and off the job and to “spy on her, to report her activity and comments to him, to watch, in effect, for every slip that she made.” Id. Bohager targeted only Munday; he did not forbid his drivers from speaking or associating with anyone else. Although an employee is not guaranteed a working environment free of stress, Bohager’s plan created exactly the type of environment this court has recognized as impermissible: “a calculated effort to pressure [Munday] into resignation through the imposition of unreasonably harsh conditions, in excess of those faced by her co-workers.” See Bristow, 770 F.2d at *246 1255. I cannot imagine anything worse for an employee than to work in an environment in which coworkers refuse to speak or associate with her any more than is absolutely essential to carry out their respective jobs. In my view, Munday has demonstrated that Waste Management acted deliberately in creating a working environment in which she could no longer perform and that a reasonable person in Munday’s position would have felt compelled to quit as a result of Waste Management’s conduct.
The majority concedes that Bohager intended to persuade Munday to resign and that he successfully made her working environment unpleasant, but nonetheless rejects Munday’s constructive discharge claim. In reaching its conclusion, the majority contends that the fact that Munday did not resign until December 1992, seventeen months after the events leading to and including the July 26th meeting, belies her assertion that she was forced to resign. This contention ignores the district court’s specific finding that although a considerable amount of time passed between the meeting and Munday’s resignation, Bohager continued to urge other employees not to have contact with her and to spy on her. Munday, 858 F.Supp. at 1375-76. The district court determined that during the entire time Munday worked for Waste Management after the settlement agreement, she had to cope with being ignored by her co-workers and her supervisor. Id. In light of its factual findings on the extent of Bohager’s conduct, I agree with the district court that Munday was constructively discharged.
Similarly, the district court correctly determined that Waste Management retaliated against Munday because she filed a discrimination claim against the company. No one disputes that Munday engaged in protected activity by filing the claim. In discussing the breach of contract claim, the majority also concedes that Bohager’s conduct was causally related to Munday’s filing of the discrimination claim with the Office of Human Rights. My point of departure with the majority on Munday’s retaliation claim therefore is exactly the same as I set forth in the above discussion. The majority rejects Munday’s retaliation claim solely because it determined that Bohager’s conduct did not rise to the level of an adverse employment action for Title VII purposes. In contrast, I believe that Munday has established that Waste Management took an adverse employment action against her because Bohager’s conduct set into motion a working environment so intolerable as to constitute a constructive discharge.
In light of my views on the liability issues, I must also address whether the district court erred in awarding of equitable relief and compensatory and punitive damages for conduct that occurred after November 21, 1991 and in denying front pay. I believe that the district court’s award was appropriate in all respects, and I would affirm the damages as allocated.

 Consistent with my views on Munday’s Title VII claim, I concur in the majority’s determination that Waste Management breached the April 1991 settlement agreement by retaliating against Mun-day for engaging in protected activity.